UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ISH KARNAK, | ) Case No. 4:22-cv-2325 |
| Petitioner, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge |
| | ) Carmen E. Henderson |
| RACHEL C. FLEMING, Warden, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

*Pro se* Petitioner Ish Karnak filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In his petition, Mr. Karnak represents that he is State pretrial detainee, confined in the "Allegheny County [Pennsylvania] Jail, Mahoning County [Ohio] Jail" awaiting trial on criminal charges. (*Id.*, ¶ 2, PageID #1.) Petitioner contends that Respondent, Alleghany County, Pennsylvania District Attorney Rachel C. Fleming, violated his Fourth Amendment rights by requiring him to sign in with her and her staff when he appeared in court. (*Id.*, ¶ 13, PageID #6.) He seeks to be discharged from custody, damages, and injunctive relief.

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district

court has a duty to "screen out" habeas corpus petitions that lack of merit on their face). Where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition no response is necessary. *Id.*

The Court finds that the Petition must be dismissed.

Petitioner has not paid the filing fee, and the short form application he filed to proceed *in forma pauperis* (ECF No. 2) is deficient. When submitting a motion to proceed *in forma pauperis*, a petitioner is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to the affidavit, a petitioner is further required to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the petition or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Petitioner failed to submit a copy of his institutional account statement, certified or otherwise. Therefore, he has failed to comply with the statutory prerequisites for proceeding *in forma pauperis*.

Further, requiring Petitioner to correct the deficiency in his application to proceed *in forma pauperis* would be futile. On the face of the petition, it is plain that Petitioner is not entitled to the relief he seeks. Despite Petitioner's unexplained representation that he is confined in the "Allegheny County Jail, Mahoning County Jail," Petitioner has provided no address or information suggesting that he is in custody this District, or was in custody in this district at the time he filed his petition.

The only Respondent specifically named in his Petition is Alleghany County, Pennsylvania District Attorney. Whenever a petitioner seeks to challenge his present physical custody within the United States through a writ of habeas of corpus under Section 2241, he must file his petition in the district of confinement, and "[s]ection 2241(a)'s language limiting district courts to granting habeas relief 'within their respective jurisdictions' requires 'that the court issuing the writ have jurisdiction over the custodian.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004) (citing *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 495 (1973)). This Court lacks jurisdiction over the Alleghany County District Attorney.

Finally, Petitioner filed a virtually identical petition in the Western District of Pennsylvania. *Karnak v. Fleming*, No. 2: 22-cv-1866 (W.D. Pa.). That court dismissed Petitioner's identical petition on December 29, 2022 on the ground that Petitioner failed to submit a proper application to proceed *in forma pauperis* and granted him leave to re-open his case by paying the filing fee or a proper *in forma pauperis* application. Accordingly, this action is also subject to dismissal on the basis that it is duplicative of the action in the Western District of Pennsylvania. *See Davis v. U.S. Parole Comm'n*, No. 88-5905, 870 F.2d 657 (Table), 1989 WL 25837, at *1 (6th Cir. Mar. 7, 1989) (affirming dismissal of a habeas petition as duplicative where the petition was "essentially the same" as a previously filed petition).

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the petition pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases. Pursuant to 28 U.S.C.

§ 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis for issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

**SO ORDERED.**

Dated: March 17, 2023

                                         J. Philip Calabrese
                                         United States District Judge
                                         Northern District of Ohio